450 F.2d 330
 71-2 USTC P 9672
 The COMMERCIAL BANK AT WINTER PARK, Trustee under Charles W.
Clayton, Jr.'s Children Trust Agreement, a/k/a Charles W.
Clayton, Jr. Children's Trust Agreement, and the Commercial
Bank at Winter Park, Trustee under W. Malcolm Clayton
Children's Trust Agreement, Plaintiffs-Appellees,
v.
UNITED STATES of America, Defendant-Appellant.
 No. 71-2121 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 12, 1971.
 
 John L. Briggs, U. S. Atty., Orlando, Fla., Donald B. Craven, Meyer Rothwacks, Attys., Tax Div., Dept. of Justice, Washington, D. C., Kendell W. Wherry, Asst. U. S. Atty., Orlando, Fla., Fred B. Ugast, Acting Asst. Atty. Gen., Meyer Rothwacks, Elmer J. Kelsey, William M. Brown, Attys., Dept. of Justice, Tax Div., Washington, D. C., for defendant-appellant.
 Stephen T. Dean, Lawrence M. Watson, Jr., Charles H. Egerton, Carlton, Fields, Ward, Emmanuel, Smith & Cutler, P. A., Orlando, Fla., for plaintiffs-appellees.
 Before WISDOM, COLEMAN and SIMPSON, Circuit Judges.
 WISDOM, Circuit Judge:
 
 
 1
 The sole issue in this tax appeal is whether two virtually identical trust instruments created six and four trusts, respectively, or only two trusts with multiple beneficiaries as the Government contends. The district court held that the instruments created multiple trusts and granted the taxpayers' motion for summary judgment. We affirm.
 
 
 2
 Whether a trust instrument creates one, or more than one, trust depends upon the intention of the parties as it is expressed in the trust instrument. McHarg v. Fitzpatrick, 2 Cir. 1954, 210 F.2d 792. To this proposition both parties readily agree. The Government argues, however, that the shares of the various beneficiaries under the agreements in question are so interwoven as to negate any intention to create separate trusts. Specifically, the Government points to Paragraph IX(5) of the trust agreements, which provides that upon the death of a beneficiary without issue, his share is to be divided into equal shares and distributed to the remaining children of the settlors. In the event that a remaining child still has his share in trust, his portion of the deceased child's share is to be added to the fund in trust for the surviving child. The Government further singles out Paragraph VIII of the agreements. It provides that after-born children of the settlors are to share equally in the trust estate. The Government concludes from these provisions that the size of each share and the total number of shares were not definitely determinable at the time the trust was executed; and that the trust instrument as a whole fails to provide the independence for each trust necessary to create more than one trust.
 
 
 3
 The district court, however, considered the provisions isolated by the Government in light of the other provisions of the trust instruments. Article VIII of both agreements provides that
 
 
 4
 "The Trustee shall divide the trust estate into equal separate and distinct trust funds, creating one such fund for each of the children of the donors, * * *"
 
 
 5
 Article IX instructs the Trustee as to the disposition of principal and income "* * * from each such trust herein created * * *" and, among other acts, authorizes the Trustee to "* * * distribute or expend so much of such beneficiary's trust corpus and income therefrom * * * for the educational, maintenance, welfare and health requirements of said child * * *" Article IX also states that:
 
 
 6
 "It is to be clearly understood that the health, welfare, maintenance and education of said children is the primary objective of the creation of these several Trust Funds * * *"
 
 
 7
 From its examination of the entire body of the agreements, the district court concluded that the instruments "express the clear and unequivocal intention of the donors to create a separate and distinct trust for each of their children rather than a single trust with multiple beneficiaries as contended by the Government."
 
 
 8
 We think the district court was correct in holding that the independence and determinancy of the individual trusts was only one factor to be considered in evaluating the settlors' intention. McHarg did lay stress upon the independence of each trust share from every other trust share created by the instrument examined in that case. But we fully agree with the Tax Court's analysis of a prior Government effort to elevate the factor of independence to "paramount" position. In Frank C. Rand Trust, 29 T.C.M. 1205 (1960), the Government sought to classify trust agreements as creating only single trusts:
 
 
 9
 "Respondent * * * seizes upon the fact that each trust within the family group could be invaded in favor of after-born children. It was also possible that each trust within a family group, if one beneficiary died without issue, would receive an addition from the deceased's share * * *. This, respondent reasons, makes each trust within the family group interdependent, and in that state of affairs, McHarg v. Fitzpatrick, supra, the so-called 'separate trust' should be treated as part of one family group trust.
 
 
 10
 In our opinion, the respondent misreads that case and interprets it too broadly. The Court of Appeals pointed out that it was not trying to lay down 'any general principle by which the question can always be answered.' 210 F.2d 794. The Court also hastened to say that the factors enumerated in the opinion were not necessarily decisive of the issue. 210 F.2d 795. We think, therefore, that the Court of Appeals was amplifying what the District Court stated on this matter or at most was outlining additional factors, beyond those regularly employed, to aid in casting light upon the intention of Settlors." (19 T.C.M. 1205, at 1215-1216).
 
 
 11
 Weighing the lack of independence argued by the Government against the textual indicia of separate trusts, the district court concluded that the settlors intended to and did create separate trusts. This conclusion was supported by substantial evidence, and we certainly cannot say it was clearly erroneous. For the reasons stated, the decision of the district court must be
 
 
 12
 Affirmed.
 
 
 
 *
 Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I